## Vandever and Archer v. John S. Cannon.

Two writs of execution, a *fi. fa.* and *ca. sa.* may be issued at the same time on a judgment, but they cannot be executed together, for the latter cannot be proceeded on, until a return of the first. If, however, the former be returned *nulla bona* and the latter *non est inventus* at the same term, the Court will quash neither of them.

Rule to show cause wherefore a writ of *capias ad satisfaciendum* should not be quashed, a writ of *fieri facias* having been issued in the same case and returnable with it to the present term. Judgment had been obtained by the defendant against the plaintiffs in the rule at the May Term of the Court 1859, in a *capias* suit brought to the preceding term, all the parties being non-residents. In September last, the counsel for the plaintiff in the action, supposing the defendants to be resident in the State, sued out a *fi. fa.* on the judgment, to which the sheriff made return of *nulla bona* at this term, and in November following the *ca. sa.* was issued on the judgment, to which the sheriff returned *non est inventus,* also to this term.

*Harman,* for the plaintiffs in the rule: The plaintiff in a judgment cannot regularly sue out two different writs of execution upon it at the same time; they may be taken out at the same time, but he cannot proceed to execute the second, until he has had a return of the first. A *ca. sa.* and a *fi. fa.* cannot be executed at the same time, nor the latter, until there has been a return of the former, 3 *Bac. Alr. tit. Execution* 707. *Cov. and Hughes Dig. sec.* 12, *p.* 653. 2 *Saund.* 68 *d.* He may have *ca. sa.* and *fi. fa.* together, but if the defendant is taken on the *ca. sa.,* the *fi. fa.* will be quashed. 4 *Com. Dig. tit. Execution,* 138. They may be issued together, but only one can be executed. *Sew. Law of Shff.* 46 *Law Libr.* 155. A plaintiff having sued out a *fi. fa.,* may, if he chooses, omit to execute it, and take out a *ca. sa.* and execute that before the

*fi. fa.* is returned, or is returnable; but if he executes the *fi. fa.*, he cannot have a *ca. sa.*, until the *fi. fa.* is completely executed and returned. *Miller v. Parnell*, 1 *Eng. C. L. R.* 414. He also referred to *Rev. Code* 402, 403. *Dig. of* 1829, 215, 216. 11 *Vol. Del. Laws* 694, repealing a portion of the act contained in the *Rev. Code* 402, 403, and contended that the latter had revived and restored the former act contained in the *Dig. of* 1829, *p.* 216, and that under that act, no plaintiff could sue out a *ca. sa.* on a judgment in this State, without first filing an affidavit of fraud against the defendant.

*Gilpin, Ch. J.* But granting for the sake of argument that the act which you contend is repealed is still in force, then the provision requiring the affidavit of fraud applies only when the defendant is an inhabitant of this State.

*Booth*, for the defendant in the rule: The old act of 1785 referred to by the counsel on the other side, is expressly and absolutely repealed and its place supplied by the provisions to be found in the *Rev. Code* 499, and although the latter act is itself repealed in respect to this matter by the recent act of 1859, 11 *Vol. Del. Laws* 694, the last mentioned act does not revive, or restore the act of 1785; but even if it did, it would have no application to this case for the reason suggested by the Chief Justice. There being then no act of Assembly on the subject, the only principles of law which apply to the case, are the principles of the common law in regard to the matter. I do not deem it necessary to controvert, nor shall I controvert the position assumed, or the authorities cited on the other side, as to the regularity of the writs issued in this case, because they cannot affect the regularity of either writ in the present instance, for the simple reason that neither the *fi. fa.* nor *ca. sa.* was in point of fact executed by the sheriff. The *fi. fa.* was returned *nulla bona* and the *ca. sa. non est inventus*. There has consequently been nothing

done in the case at all in conflict with the regular mode of proceeding ruled and recognized in the very authorities on which the counsel relies to set aside the *ca. sa.* in this case.

And of this opinion was the court, wherefore the rule was discharged.